IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL CONTAINER CORP. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HUHTAMAKI, INC. )<br>)<br>Defendant. ) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff International Container Corp. ("ICC"), by and through the undersigned attorneys, alleges as follows:

## THE PARTIES

1. Plaintiff ICC is a Maryland corporation having a principal place of business located at 7763 Old Telegraph Road, Severn, Maryland 21144.

2. Upon information and belief, Defendant Huhtamaki, Inc. ("Huhtamaki") is a Delaware Corporation having a principal place of business located at 9201 Packaging Drive, De Soto, Kansas 66018.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court therefore has jurisdiction over the subject matter of this action under 35 U.S.C. § 271 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant Huhtamaki at least because, upon information and belief, Defendant Huhtamaki is incorporated in this State. Further, upon information and belief, Defendant Huhtamaki has substantial, continuing and ongoing contacts

with this State and regularly conducts business in this State. Further, upon information and belief, Defendant Huhtamaki has sold and continues to sell various consumer products, including products at issue in this case, into this State and judicial district, and has thus purposefully availed itself of the privilege of conducting business in this State and judicial district. Specifically, upon information and belief, Defendant Huhtamaki makes certain consumer products by using the infringing technology (defined hereinafter) and distributes, sells, and/or offers to sell those consumer products in this State.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(b).

## FACTS

6. Plaintiff ICC is the owner of U.S. Patent No. 6,086,800 ("the '800 Patent"), issued by the United States Patent and Trademark Office on June 11, 2000 and entitled "Thermoforming Process and Apparatus." A true and correct copy of the '800 Patent is attached to this Complaint as Exhibit A.

7. The term of the '800 Patent expired on September 15, 2013. The '800 Patent was valid during its term. The '800 Patent is currently enforceable for purposes of collecting damages for infringing activities that occurred during the term of the '800 Patent. Damages are recoverable for infringing activities committed from six years prior to commencement of the present action pursuant to 35 U.S.C. §286 up to the expiration of the term of the '800 Patent.

8. Plaintiff ICC is the assignee of all right, title, and interest in and to the '800 Patent and possesses all rights of recovery under the '800 Patent, including the right to sue for past infringement and recourse for damages.

9. Based upon information and belief, Defendant Huhtamaki has used, manufactured, sold or offered for sale technology which is covered by claims of the '800 Patent.

Specifically, upon information and belief, Defendant Huhtamaki has used, for the formation of cup lids, at least two different retracting flat lid rotary thermoforming systems ("Thermoforming Systems") which are covered by claims of the '800 Patent.

10. Defendant Huhtamaki never obtained a license under the '800 Patent and was never authorized or permitted to market, manufacture, use, offer for sale, or sell the invention claimed in the '800 Patent.

## COUNT I
## INFRINGEMENT OF THE '800 PATENT

11. Plaintiff realleges and incorporates by reference paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12. The claim of the '800 patent is presumed valid pursuant to 35 U.S.C. § 282.

13. Defendant Huhtamamki, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing and/or inducing others to infringe the '800 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the United States, without license or authority, at least the Thermoforming Systems, which are covered by claims 1, 2, 3, 11, 12, 13 and 14 of the '800 Patent.

14. Defendant Huhtamaki has willfully infringed upon claims 1, 2, 3, 11, 12, 13 and 14 of the '800 Patent by the use, manufacture, offer for sale, sale and/or importation of the Thermoforming Systems.

15. As a result of Defendant Huhtamaki's willful infringement of the '800 Patent, Plaintiff ICC has been damaged to an extent not yet determined.

16. Plaintiff ICC is entitled to monetary damages adequate to compensate Plaintiff ICC for the infringement by Defendant Huhtamaki of the '800 Patent and is entitled to increased damages under 35 U.S.C. § 284, together with interest, costs and attorneys fees.

## JURY DEMAND

Plaintiff ICC hereby demands a jury trial on all issues appropriately triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ICC prays that the Court enter judgment against Defendant Huhtamaki for the following:

(a) A judgment that Defendant Huhtamaki has infringed the '800 Patent;

(b) A decree that Defendant Huhtamaki's infringement of the '800 patent was willful and deliberate;

(c) An award to Plaintiff ICC of damages that are adequate to fully compensate it for the Defendant Huhtamaki's infringement of the '800 Patent, together with prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(d) An accounting and payment by Defendant Huhtamaki to Plaintiff ICC of all profits realized by Defendant Huhtamaki during the period beginning from six years prior to commencement of the present action up to expiration of the term of the '800 Patent from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(e) A finding that this case is exceptional and award Plaintiff ICC its costs, reasonable attorneys' fees, and expenses in this action;

(f) An accounting for damages arising from the infringement of the '800 Patent by Defendant Huhtamaki (and those in privity with it), including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

(g) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Date: April 30, 2014			PANITCH SCHWARZE BELISARIO & NADEL, LLP

By: /Patricia Smink Rogowski/
    Patricia Smink Rogowski (Del Bar. ID 2632)
    Dennis J. Butler (Del Bar. ID 5981)
    John D. Simmons (*Pro Hac Vice*)
    Brandywine Executive Center
    1521 Concord Pike, Suite 321
    Wilmington, DE 19803
    Telephone: (302) 824-7072
    progowski@panitchlaw.com
    jsimmons@panitchlaw.com
    dbutler@panitchlaw.com